IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA     )
                             )
     v.                      )   CRIMINAL ACTION NO.
                             )      3:05cr16-MHT
UCHECHUKWUKA PATIENCE        )         (WO)
ODITA                        )
```

OPINION AND ORDER

This cause is now before the court on the question of whether defendant Uchechukwuka Patience Odita has attained the mental capacity to permit her criminal trial to proceed.  For the reasons given below, the court concludes that she has.

Odita is charged in a two-count indictment with using a false identification document, in violation of 18 U.S.C. § 1028(a)(6), and attempting to use a forged alien registration receipt card, in violation of 18 U.S.C. § 1546(a).  Because of concerns about her mental health that emerged during her pre-trial detention, both the

government and defense counsel requested a mental-competency evaluation prior to arraignment.

The magistrate judge Coody ordered that Odita undergo a psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241, 4242, and 4247(b) & (c).  Odita was initially sent to the Federal Detention Center in Miami, Florida, but the medical staff there was unable to assess her competency in light of her disruptive behavior.  She was then transferred to the Federal Medical Center in Carswell, Texas.

The warden of the Carswell Federal Medical Center filed a report that diagnosed Odita with schizophrenia and found that she was incompetent to stand trial.  The report declined to determine whether she was legally insane when she committed the instant offenses and also declined to assess whether she was likely to be restored to competence through treatment.  The report indicated that she required further evaluation and treatment to answer these questions.

The parties then filed a joint motion for an additional mental competency determination. This court granted that motion to the extent that Odita was committed for further evaluation and treatment at Carswell Medical Center to determine if there is substantial likelihood that she would attain the capacity to permit the trial to proceed and to determine whether she was legally insane at the time she allegedly committed the instant offenses.

After further treatment and observation, the warden of the Carswell Medical Center filed a report that found that Odita was competent to stand and was legally sane at the time she allegedly committed the instant offenses, and that she had, in fact, been faking her symptoms of mental illness, or "malingering," all along and was not schizophrenic.

The court then ordered a competency hearing pursuant to 18 U.S.C. §§ 4241(c) & 4247(d) to determine whether Odita had attained the mental capacity to allow the trial

to proceed. Prior to the hearing, defense counsel retained a psychologist who evaluated Odita. He filed a report indicating that it was his opinion that Odita was not malingering, was legally insane at the time she allegedly committed the instant offense, and was, in fact, suffering acute symptoms of schizophrenia that rendered her incompetent to stand trial.

At the competency hearing, the psychological reports related to this case were submitted into evidence, along with psychological reports associated with a prior federal criminal case against Odita that had been dismissed after a finding that she was incompetent to stand trial due to acute schizophrenia. Taken together, the reports reflected that she had experienced mental-health problems as early as her high school years, that she had been hospitalized for mental illness at least once as an adult, and that she had been receiving community-based mental-health services after the first federal charges against her had been dismissed, but had

4

discontinued her medications because of undesirable side effects.

The court also heard the expert testimony of various doctors and psychologists who had treated Odita at the Miami Detention Center and Carswell Medical Center, as well as the defense-retained psychologist who had evaluated Odita. Several lay also witnesses testified, and the government submitted into evidence tape recordings of several phone calls Odita made to friends and relatives while she was being held at the medical center in Carswell. Finally, the court observed Odita, who was present at the hearing.

The court acknowledges that this is a difficult case because there is conflicting expert testimony as to the ultimate question of Odita's competency. All of the experts agreed that it would be nearly impossible for Odita to have deceived at least four mental-health professionals into erroneously diagnosing her as schizophrenic over a period of more than a decade when

she was in fact perfectly healthy.  The court can also see no reason why Odita would have feigned schizophrenia since her teenage years.  Although it might make sense to feign mental illness after an arrest, Odita's history suggests that she exhibited symptoms of mental illness well before she was ever arrested for criminal conduct.  These two factors, taken together, suggest that she is schizophrenic, even if her symptoms are not currently as severe as they seem.

    Interestingly, all the experts also agreed that a person who is schizophrenic could exaggerate their symptoms, be they hallucinations or delusions, after treatment and medication had brought their symptoms under control.  Yet, despite her history of mental illness and the consistency of her diagnoses over time, none of the experts suggested that that had occurred here: the government's experts concluded that Odita was faking her symptoms at the time of the alleged offense and throughout this prosecution, and probably had been during

her prior federal prosecution as well; and the defense expert concluded that she was not exaggerating her symptoms at all.

Nonetheless, the court is particularly struck by certain portions of the recorded phone conversations that occurred toward the end of Odita's stay at the Carswell Medical Center, after she had received treatment, including a stable regimen of anti-psychotic medication, for several months. On the recording, Odita seems lucid when discussing her case and was able to articulate the consequences and possible outcomes of the case. Her earlier references to her lawyer as the "anti-Christ" and someone who wanted to "lock her up" were replaced with accurate references to him as "Kevin" and requests that her family and friends contact him to ascertain how the case was progressing. Only once during the later phone conversations, during a call on August 29, 2005, did she invoke the language of her earlier delusions, suggesting to her interlocutor that her lawyer was trying to harm

her. However, she whispered, "You know what I am doing," to her interlocutor part way through this conversation, which suggests that Odita was knowingly exaggerating her symptoms at this point in time.

After weighing the expert testimony, and based on the court's own observation of Odita during the hearing and Odita's behavior during the tape-recorded phone calls, the court concludes that Odita is schizophrenic and was actively psychotic at the time she was initially committed for psychiatric and psychological examination, but that her period of treatment and medication at the Carswell Medical Center brought her symptoms under control, if not into complete remission. Thus, the court finds that any symptoms of acute psychosis that she exhibits now are exaggerated and that any actual symptoms of her mental illness do not currently render her incompetent to stand trial.

Accordingly, it is ORDERED and DECLARED that defendant Uchechukwuka Patience Odita is mentally

competent to stand trial, that is, she is not currently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense, 18 U.S.C. § 4241(a).

It is further ORDERED that, pursuant to 18 U.S.C. § 4241(f), this court's finding that defendant Odita is mentally competent to stand trial shall not prejudice Odita in raising the issue of her insanity as a defense to the offense charged and shall not be admissible in evidence in a trial for the offense charged.

DONE, this the 30th day of June, 2006.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE