IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:05cr16-MHT |
| UCHECHUKWUKA PATIENCE | ) | (WO) |
| ODITA | ) | |

OPINION AND ORDER

Defendant Uchechukwuka Patience Odita is charged in a two-count indictment with using a false-identification document, in violation of 18 U.S.C. § 1028(a)(6), and attempting to use a forged alien registration-receipt card, in violation of 18 U.S.C. § 1546(a). This cause is again before the court on the question whether Odita has the mental capacity to allow the criminal case against her to proceed. For the reasons below, the court concludes that she has.

By way of background, this court previously ordered a mental evaluation of Odita; recommitted her for further treatment; and ultimately concluded, albeit based on conflicting psychiatric reports (the government's report

that she is competent and the defense's report that she is not), that she had attained the mental capacity to permit her criminal trial to proceed. The court found "that Odita is schizophrenic and was actively psychotic at the time she was initially committed for psychiatric and psychological examination, but that her period of treatment and medication at the Carswell Medical Center brought her symptoms under control, if not into complete remission." United States v. Odita, 2006 WL 1817070, at *3 (M.D. Ala. June 30, 2006). This finding was based on the following observation by the court:

> "[T]he court is particularly struck by certain portions of the recorded phone conversations that occurred toward the end of Odita's stay at the Carswell Medical Center, after she had received treatment, including a stable regimen of anti-psychotic medication, for several months. On the recording, Odita seems lucid when discussing her case and was able to articulate the consequences and possible outcomes of the case. Her earlier references to her lawyer as the 'anti-Christ' and someone who wanted to 'lock her up' were replaced with accurate references to him as 'Kevin' and requests that her family and friends

> contact him to ascertain how the case was progressing. Only once during the later phone conversations, during a call on August 29, 2005, did she invoke the language of her earlier delusions, suggesting to her interlocutor that her lawyer was trying to harm her. However, she whispered, 'You know what I am doing,' to her interlocutor part way through this conversation, which suggests that Odita was knowingly exaggerating her symptoms at this point in time."

Id. at *2.  The court then concluded that "any symptoms of acute psychosis that she exhibits now are exaggerated and that any actual symptoms of her mental illness do not currently render her incompetent to stand trial." Id. at 3.

However, after weeks this conclusion, the magistrate judge who arraigned Odita relayed that, based on her demeanor and behavior at the arraignment, he has concerns about her competency to stand trial. In addition, her defense counsel again raised concerns about her competency, stating that sometimes she was able to assist him in preparation for trial, other times she was unable to do so because she did not appear to follow what he was

saying or to be able to process what was happening, and yet other times she was unwilling to do so because she seemed to distrust him.  He said, in short, that she had "good days and bad days."

The court then recommitted Odita for further examination, asking those examining her to report not only on whether she is currently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against her or properly assist in her own defense, but also on "the effect, if any, that her medications have on her ability to assist her counsel and to understand the nature of the proceedings against her" and "whether she is sufficiently stable to ensure that she will not have a 'bad day' during the trial."  United States v. Odita, 2006 WL 2091743, at *2 (M.D. Ala. July 26, 2006).

Odita has been once again evaluated, and the examining persons report that she is competent to stand trial.  The report from the government is that its staff

has not changed its opinion that she is faking and that she has a rational understanding of the proceedings and is able to assist in her defense. In addition, the defense's psychologist has also found that she is competent, albeit marginally, to stand trial.

The government's report also addressed the court's specific concerns about the effect, if any, that her medications might be having on her ability to assist her counsel and to understand the nature of the proceedings against her, and whether she is sufficiently stable to ensure that she will not have a "bad day" during the trial. The report stated, in part, that:

> "Our psychiatry staff have reviewed Ms. Odita's current medication regimen and have found it to be appropriate. Although these medications have sedating side effects, Ms. Odita has been able to communicate with us throughout the evaluation, albeit oftentimes at a very slow pace. Separating out the geniune versus the feigned components of Ms. Odita's presentation is difficult, and some of her slowed and blunted presentation seems not to be genuine, based on monitored phone calls. Even if it is genuine, Ms. Odita has

5

> demonstrated sufficient abilities during clinical interviews to indicate that sedation is not preventing her from assisting her defense. Patience and repetition is often necessary to elicit information during interviews with her, but in the end, Ms. Odita is able to communicate and process information.
>
> ...
>
> "During our 30 days of observation and interviews, Ms. Odita's presentation has not fluctuated whatsoever. It has been consistently blunted and slowed during interviews and more expressive and quick during monitored phone calls. Individuals with genuine psychotic mental illness do not generally fluctuate significantly on a day-to-day basis such that one day they are clear and the next day they have no understanding of what is going on around them. Their conditions wax and wane over a longer time period and are often influenced by external stressors and/or changes in their treatment regimen. On the other hand, individuals who are malingering are oftentimes not consistent in their presentation and are much more likely to present differently from one day to the next."

Having considered these evaluations, the history of the case, and Odita's demeanor and responses at all hearings, the court reaffirms that any symptoms of acute

6

psychosis that she may be exhibiting now are exaggerated and that any actual symptoms of her mental illness do not currently render her incompetent to stand trial.  The court also finds that her medications are not adversely affecting her ability to assist her counsel and to understand the nature of the proceedings against her, and that she is sufficiently stable to ensure that she will remain mentally competent throughout the upcoming trial, which is three or so weeks away.

It is therefore ORDERED and DECLARED that defendant Uchechukwuka Patience Odita is mentally competent to stand trial under 18 U.S.C. § 4241(a), that is, she is not currently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.  She is willing and able to assist in her own defense, and she has a rational as well as factual

understanding of the proceedings.  Thus, trial will go forward as scheduled.

It is further ORDERED that, pursuant to 18 U.S.C. § 4241(f), this court's finding that defendant Odita is competent shall not prejudice defendant Odita in raising the issue of her insanity as a defense to the offense charged, and shall not be admissible in evidence in trial for the offense charged.

DONE, this the 12th day of October, 2006.

                                 /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**